United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Capital Restaurant Group, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-22131-Civ-Scola |
| | ) | |
| Burger King Corporation, | ) | |
| Defendant. | ) | |

**Order on Defendant's Motion to Dismiss**

This matter is before the Court on Defendant Burger King Corporation's motion to dismiss. (ECF No. 9.) The Plaintiff filed a response (ECF No. 12) and the Defendant timely replied. (ECF No. 13.) Upon review of the record, the parties' briefs, and the relevant legal authority, the Court **grants** the Defendant's motion. (ECF No. 9.)

**I.  Background**

Plaintiff Capital Restaurant Group is a franchisee of Defendant Burger King. (ECF No. 1 at ¶ 1.) The Plaintiff wishes to sue Burger King for a number of state claims in Florida state court. (*Id.*) The parties' franchise agreement, however, contains a forum selection clause in which the parties agreed to litigate their claims in the Southern District of Florida. The relevant language is as follows:

> Franchisee and [Burger King Corporation] acknowledge and agree that the U.S. District Court of the Southern of Florida, or if such court lacks jurisdiction, the 11th Judicial Circuit (or its successor) in and for Miami-Dade County, Florida, shall be the venue and exclusive proper forum in which to adjudicate any case or controversy arising either, directly or indirectly, under or in connection with this Franchise Agreement[.]

(*Id.* at ¶ 16.) The Plaintiff asserts that the forum selection clause expands the federal court's jurisdiction by circumventing the resident defendant rule found in 28 U.S.C. § 1441(b)(2). (*Id.* at ¶ 27.) The Plaintiff seeks declaratory judgment regarding the validity of the forum selection clause.

This Plaintiff is not the first franchisee to make this argument. On November 17, 2016, franchisees of the Defendant's affiliated brand, Tim Hortons, filed a complaint against Tim Hortons in state court. (ECF No. 1 at ¶ 29 (citing

*Picktown Foods, LLC, et al. v. Tim Hortons, USA, Inc,* Circuit Court for Miami-Dade County Case No. 16-29754 CA 40)). Tim Hortons moved to dismiss the *Picktown* action based on the forum selection clause. The *Picktown* plaintiffs opposed dismissal arguing that the forum selection clause was against public policy and expanded federal court jurisdiction. (*Id.* at ¶ 31.) The state court granted the motion to dismiss but left open the question of the scope of federal court jurisdiction. The *Picktown* plaintiffs then filed a declaratory judgment action in the Southern District of Florida asking the court to decide the issue. Judge Altonaga did not reach the question of enforceability of the forum selection clause, holding that such review was barred by the *Rooker-Feldman* doctrine. *Picktown Foods, LLC, et al. v. Tim Hortons, USA, Inc.*, Case No. 17-21072, ECF No. 28 (S.D. Fla. June 22, 2017) (Altonaga, J.).

The Plaintiffs argue that neither the state court or the federal court in *Picktown* decided the issue and it is now ripe for review.

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

## III. Analysis

The Plaintiff's complaint seeks a declaration from this Court that the forum selection clause in the parties' agreement is invalid because it circumvents the forum defendant rule. (ECF No. 1 at ¶ 25.) The Defendant's motion to dismiss argues that just because the resident defendant rule would prevent the Defendant from removing this case to federal court if it were brought in state court, that does not mean that the forum selection clause is invalid. (ECF No. 9 at 8-9.) However, neither party addresses whether this Court, or any other court, has analyzed a forum selection clause that circumvents the resident defendant rule.

The forum defendant rule limits the right of defendants in state court to remove diversity cases if the defendant is from the forum state. 28 U.S.C. § 1441(b)(2). In other words, if the plaintiff chooses to bring his claims in state court against a resident defendant, the defendant cannot remove the case to federal court, even if the case could have been originally brought in federal court under diversity jurisdiction. *See Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337, 1345 (S.D. Fla. 2019) (Altonaga, J.). Here, the Plaintiff would like to bring its state claims in state court but, pursuant to the forum selection clause, must bring its claims in the Southern District of Florida if the court has subject matter jurisdiction. The Plaintiff argues that this is an expansion of federal subject matter jurisdiction because if these parties were in state court, the resident Defendant could not remove under 28 U.S.C. § 1441(b)(2).

Whether a forum selection clause may effectively circumvent the resident defendant rule appears to be a matter of first impression for this Court. The Court, therefore, looks to other district courts for guidance. In *Uboh v. United States Equestrian Foundation,* a district court held that a mandatory forum selection clause to litigate claims in federal court operates as a waiver of the resident defendant rule on a motion to remand. 384 F. Supp. 3d 780, 781 (E.D. Ky. 2019). In *Uboh*, the parties' employment agreement contained a forum selection clause in which the parties consented to federal jurisdiction for actions related to the employment agreement. *Id.* The plaintiff filed his case in state court and the defendants removed. The parties filed a joint motion to remand based on the resident defendant rule. *Id.* at 782. On reconsideration, the court denied the motion and held that the forum defendant rule is a procedural rule that may be waived. *Id.* at 784. The parties waived their right to assert the forum defendant rule when they agreed to a mandatory forum selection clause. *Id.* 784-85. Therefore, the case was properly in federal court.

In a recent decision from the Northern District of Alabama, the plaintiffs originally sued the defendants in state court. *Sauls v. Sneed,* No. 18-cv-1248,

2019 WL 4393033 (N.D. Ala. Sept. 13, 2019). The defendants could not remove the case to federal court because there were Alabama defendants. *Id.* at *1. The plaintiff later added another defendant and asserted a federal claim against this new defendant. The new defendant removed to federal court based on federal question jurisdiction. *Id.* at *2. The plaintiff and the new defendant then settled their claims. *Id.* The question before the court was whether the case could remain in federal court based on diversity jurisdiction even though it could not have been originally removed from state court. *Id.* at *3. The court framed the issue as "whether § 1441(b)(2) substantively eliminates diversity jurisdiction or whether § 1441(b)(2) identifies a procedural defect in removal that a party may waive." *Id.* at *4. Relying on Eleventh Circuit precedent, the Court held that § 1441(b)(2) is a procedural defect that may be waived. *Id.* at *5. The plaintiff had failed to raise the issue in her motion to remand, waiving her right to assert the resident defendant rule. *Id.* Therefore, the case could remain in federal court based on diversity jurisdiction.

Forum selection clauses are "presumptively valid" and enforced absent evidence of fraud, overreaching or similar inequitable conduct. *See Cornett v. Carrithers,* 465 F. App'x 841, 842 (11th Cir. 2012). The parties in this case agreed to litigate any disputes arising out of the franchising agreement in federal court, so long as the district court has subject matter jurisdiction. (ECF No. 1 at 5.) The Plaintiff does not allege that there has been fraud or inequitable conduct, or that the clause is permissive rather the mandatory. Instead, the Plaintiff asserts that this clause expands the court's subject matter jurisdiction because it circumvents the resident defendant rule. The Eleventh Circuit has held, however, that the resident defendant rule is not a jurisdictional limitation but rather a procedural hurdle to remand. *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, n.4 (11th Cir. 1998). *See also Nanotech Entertainment, Inc v. R&T Sports Marketing Inc.*, No. 14-61608, 2014 WL 12611203, at *2 (S.D. Fla. Sept. 23, 2014) (Cohn, J.) ("[T]he forum defendant rule imposed by section 1441(b)(2) is not a jurisdictional limitation, and is instead a procedural hurdle to remand."). This procedural rule, unlike subject matter jurisdiction, may be waived. *Sauls,* 2019 WL 4393033 at *4*; Nanotech,* 2014 WL 12611203 at *2.

The Court finds that the Plaintiff waived any right to bring its case in state court or rely on the resident defendant rule to remand to state court. The parties unambiguously agreed to litigate in federal court if there is federal jurisdiction, *see* ECF No. 1 at 5, and there is no argument by the parties that this was not their intent. Moreover, the parties "agree that, in the event of litigation arising out of or in connection with this Agreement in these courts, they will not contest or challenge the jurisdiction or venue of these courts." (*Id.*) The Plaintiff's claims can be brought in federal court because there is diversity in citizenship and the

Plaintiff's damages exceed $75,000. Because Section 1441(b)(2) is a procedural rule that may be waived, and the Plaintiff waived it by entering the franchise agreement, the Court finds that the forum selection clause does not wrongfully expand federal subject matter jurisdiction and may be enforced.

## IV. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss. **(ECF No. 9**.) The Court dismisses the Plaintiff's complaint with prejudice. The Clerk is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers at Miami, Florida on October 10, 2019.

_____
Robert N. Scola, Jr.
United States District Judge